In re BATES MACHINE & TRACTOR CO.

(District Court, N. D. Illinois, E. D. September 21, 1925.)

No. 32840.

1. Bankruptcy ⟺422—United States tax claims follow property into trustee's hands, and are unaffected by discharge.

Claims of United States against bankrupt for taxes are not debts affected by discharge in bankruptcy, but imposts levied for support of government, which, being in nature of equitable lien, follow property into hands of trustee.

2. Bankruptcy ⟺328—Order of referee, requiring government tax claims to be filed within stated time, held in excess of referee's authority under statute.

Order of referee, requiring collector of internal revenue to file government's claim for taxes within stated time, and his refusal to allow claims for additional income tax not levied at time of order and filed after expiration of such time, though long before declara-

tion of final dividend, under Bankruptcy Act, § 65b (Comp. St. § 9649), *held* in excess of his authority under section 64a (Comp. St. § 9648).

In Bankruptcy. In matter of the Bates Machine & Tractor Company. On review of order of referee dismissing claim of the United States for taxes. Order reversed, and case remanded to referee, with directions.

Blum, Blum & De Laney, of Chicago, Ill., for petitioning creditors.

Arthur E. Manheimer, of Chicago, Ill., for Bates Machine & Tractor Co.

Edwin A. Olson, U. S. Atty., and James G. Cotter, Asst. U. S. Atty., both of Chicago, Ill., for the United States.

KixMiller & Baar, of Chicago, Ill., for trustee.

WILKERSON, District Judge. The petition in this involuntary proceeding in bankruptcy was filed February 26, 1924, and the order of adjudication was entered March 3, 1924. On April 12, 1924, the referee made an order directing the collector of internal revenue at Chicago, Ill., to file any claim which the United States government may have for taxes due from said bankrupt estate within 30 days from the date thereof, and providing that, in the event no claim is filed by said collector of internal revenue for taxes claimed to be due to the United States government from said bankrupt estate within 30 days from the date thereof, said collector of internal revenue be forever barred and foreclosed in making any claim for taxes against said bankrupt estate.

On April 20, 1924, the collector filed a claim for $1,165.26, additional income tax for 1917, and on June 2, 1924, an order was made directing the payment of said claim of $1,165.26 in full of all claims of the United States government for taxes against said estate. On June 14, 1924, the collector filed a claim for $24,559.92 additional income taxes for the years 1919 and 1920. The trustee filed objections to this claim, on the ground that it is barred by the order of June 2, 1924, and on September 2, 1924, the referee made an order dismissing the claim. That order is now before the court for review.

The facts here are materially different from those in Re Anderson (D. C.) 275 F. 397, and (C. C. A.) 279 F. 525. There a tax had been levied more than two years prior to the filing of the petition by the trustee, and the trustee claimed that the tax had not been properly laid. The United States never filed any proof of claim, and the entry of the order was necessary to the exercise by the court of its power under section 64a of the Bankruptcy Act (Comp. St. § 9648). The estate could not be closed until the validity of the tax which had been levied was determined. Here the additional tax was not levied until after the time fixed in the order of April 12, 1924, had expired, and the tax was levied and the claim was filed long before the time for the declaration of the final dividend under section 65b (Comp. St. § 9649) had expired.

We are not dealing here with the power of the bankruptcy court to require the United States to bring forward claims based on taxes actually levied for the purpose of having questions relating to such claims adjudicated in the bankruptcy court. We are dealing with the power of the referee, acting under section 64a, to cut off the United States as to additional taxes levied pursuant to the revenue laws after a specified time, and to deprive the United States of its right to have such taxes paid out of any funds which may remain in the possession of the trustee. It must be borne in mind that, in many cases, the basis for the additional levy is not disclosed until after the books and papers of the bankrupt have come into the possession of the trustee. The exercise of the power here asserted by the referee would operate, in many cases, to prevent the United States from recovering revenue out of which it has been defrauded by a false return.

[1] It must be borne in mind that the claims of the United States for taxes are not affected by a discharge in bankruptcy. They are not debts, but imposts levied for the support of the government. The government's claim is in the nature of an equitable lien, and follows the property into the hands of the trustee in bankruptcy, where it awaits satisfaction. Re Brezin (D. C.) 297 F. 300, 306. The question of the rights of the United States in cases where it fails to assess the tax until after the funds in the hands of the trustee have been paid out under section 65b is not involved here. We are dealing with the power of the referee to enter the general order barring the United States, and with the right of the United States to file its claim for the additional taxes, and to have them paid out of whatever funds remain in the hands of the trustee.

[2] It is my opinion that section 64a does not confer upon the referee power, express

or implied, to make the order of April 12, 1924, and that the order, when applied to the claim for the additional taxes for 1919 and 1920, is void. It is my opinion, further, that the claim of the United States filed June 14, 1924, was properly filed, and that it should be heard by the referee on its merits. The referee was without authority, in my opinion, to provide that the payment of the taxes for 1917 should be in full of all claims of the United States for taxes. His duty was to allow, disallow, or modify that particular claim. The rule stated in Re Minot Auto Co. (C. C. A.) 298 F. 853, 857, has no application here. The amount claimed for 1917 was conceded to be correct, and that claim cannot be affected by any review here.

The bankruptcy court and the trustee, of course, have a duty to perform to creditors. They owe a duty, also, to the United States. That duty is one of co-operation and assistance in the collection of taxes levied for the support of the government. The statute casts that duty upon the trustee in no uncertain terms.

The order of September 2, 1924, is reversed, and the case is remanded to the referee, with directions to hear the claim of the United States on its merits.